511 P.2d 174

**STATE of Arizona, Appellee,**

v.

**Donald J. FERGUSON, Appellant.**

**No. I CA–CR 576.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 14, 1973.

Gary K. Nelson, Atty. Gen., by Bud Moore, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

This is an appeal by defendant Donald J. Ferguson from a judgment of conviction of the crime of burglary, second degree, upon a plea of guilty and a sentence imposed thereon of not less than three nor more than five years in prison. The brief of the Public Defender representing the defendant was filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969). Said counsel has advised this Court by motion to withdraw that after a diligent search of the entire record in this matter, he has been unable to discover any reversible error upon which an appeal could be based.

On June 24, 1972 defendant was charged by complaint with the crime of second degree burglary of a house belonging to Allen E. Henry at 2929 West Roosevelt Street in Phoenix. He was charged along with another person and his case was severed from that of his co-defendant. He was given a preliminary hearing and bound over for Superior Court action. On September 6, 1972 an information was filed charging him with the said offense upon the same factual allegations. Defendant, represented by court appointed counsel, was duly arraigned and entered a plea of not guilty. On October 17, 1972 he appeared in court to plead guilty to the charge pursuant to a plea bargain that the State would refrain from filing an allegation of prior conviction against defendant. A hearing was held in this matter and the record shows that the State kept its part of the bargain.

It would serve no useful purpose to set forth step-by-step the interrogation of defendant by the trial judge in open court or the explanation made to the defendant of his constitutional rights, or his statements showing full appreciation by him of his rights and of the consequences of his plea, or the factual basis for the plea. The important aspects of the foregoing have been set forth in the brief which has been served on the defendant. Suffice to say, we find the plea of guilty was properly taken in accordance with our law and in accordance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

After the filing of counsel's brief, this Court entered an order granting defendant an additional thirty days in which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. This additional time has now expired and no supplemental brief has been filed by defendant.

This Court has considered the brief filed by defendant's counsel and has examined the entire record of the proceedings, and

has determined that there was no fundamental error and that this appeal is wholly *frivolous*.

The judgment and sentence appealed from are affirmed.

OGG and STEVENS, JJ., concur.